**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

EDWIN R.,

                          Plaintiff,

        v.                                              5:21-CV-759
                                                         (FJS/DJS)

KILOLO KIJAKAZI, *Acting Commissioner of*
*Social Security*,[1]

                          Defendant.
_____

**APPEARANCES:**                    **OF COUNSEL:**

OLINSKY LAW GROUP                HOWARD OLINSKY, ESQ.
Attorney for Plaintiff
250 South Clinton Street
Ste. 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.      CHRISTOPHER L. POTTER, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted as Defendant here pursuant to FED. R. CIV. P. 25(d).  The Clerk is directed to modify the docket accordingly.

## REPORT-RECOMMENDATION AND ORDER

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 14 & 17. For the reasons set forth below, it is recommended that Plaintiff's Motion for Judgment on the Pleadings be granted in part and the matter be remanded for further proceedings.

Defendant concedes that this matter must be remanded. Dkt. No. 17, Def.'s Mem. of Law at p. 1. The dispute between the parties rests on whether the case should be remanded for new proceedings before the Commissioner or whether the Court should remand with instructions to find Plaintiff disabled and award benefits. *Id.* at pp. 1-2; Dkt. No. 14, Pl.'s Mem. of Law at p. 25. Because the Court finds that the latter is not an appropriate remedy on this record, it is recommended that the matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g).

"Reversal and remand for the calculation of benefits is only warranted when there is persuasive proof of disability in the record and further development of the record would not serve any purpose." *Sally W. on behalf of Catherine S. v. Saul*, 2020 WL 6465446, at *7 (N.D.N.Y. Sept. 25, 2020), *report and recommendation adopted sub nom. Sally W. on behalf of Catherine S. v. Comm'r of Soc. Sec.*, 2020 WL 6445919 (N.D.N.Y. Nov. 3, 2020) (internal quotations, alterations, and citations omitted). "Reversal for calculation of benefits is appropriate only if the record contains persuasive

1

proof of disability, and a remand for further evidentiary proceedings would serve no useful purpose." *Harry L. v. Comm'r of Soc. Sec.*, 2019 WL 3937224, at *5 (N.D.N.Y. Aug. 5, 2019), *report and recommendation adopted sub nom. Harry L. v. Saul*, 2019 WL 3934952 (N.D.N.Y. Aug. 20, 2019).  As such, reversal with a directed finding of disability is the "rare case." *Martin v. Comm'r of Soc. Sec.*, 2020 WL 8224884, at *4 (S.D.N.Y. Dec. 21, 2020), *report and recommendation adopted*, 2021 WL 197429 (S.D.N.Y. Jan. 20, 2021); *see also Carlsen v. Berryhill*, 2017 WL 4155333, at *15 (E.D.N.Y. Sept. 19, 2017).

The record does not establish that this is such a rare case.  While Plaintiff nominally seeks reversal for calculation of benefits, the majority of his brief in this Court is spent recounting alleged errors by the ALJ that should be addressed on remand.  Pl.'s Mem. of Law at pp. 14 ("Remand is proper for the ALJ to perform a permissible assessment of the psychological medical source statements of record, to perform an adequate assessment of listing 12.05, and to perform an RFC assessment which adequately reflects Plaintiff's intellectual impairment."); 15 ("the ALJ erred when providing no explanation for this contradiction.  Remand is proper for the ALJ to rectify this discrepancy."); 18 ("Remand is proper for the ALJ to perform the required assessment of Plaintiff's visual limitations"); 25 ("Remand is proper for the ALJ to assess the vocational implications of an RFC which reflects Plaintiff's actual physical limitations.").  While Plaintiff's ultimate conclusion seeks remand for calculation of benefits, he makes no substantive argument sufficient to carry the high burden of

obtaining such relief.  Indeed, he seeks remand for further proceedings as an alternative form of relief.  Pl.'s Mem. of Law at p. 25.

While Defendant concedes error warranting remand, the record demonstrates several factors that prevent the Court from finding that Plaintiff is disabled.  Take by way of example Plaintiff's contention that the ALJ erred in not finding that he was disabled under Listing 12.05.  *See* Pl.'s Mem. of Law at pp. 9-11.  Plaintiff's first submission in this regard is that "the ALJ should have sought an opinion from a medical expert to determine whether [his] impairments medically equaled Listing 12.05."  *Id.* at p. 9.  Insofar as Plaintiff contends the ALJ needed an additional medical opinion to evaluate him, the record clearly does not provide "persuasive proof of disability."  *Harry L. v. Comm'r of Soc. Sec.*, 2019 WL 3937224, at *5.

Plaintiff's alternative assertion of error, the ALJ's alleged failure to explain how he concluded that Plaintiff did not have marked limitations in the areas of understanding, remembering or applying information, and regarding concentration, persistence, and pace, Pl.'s Mem. of Law at pp. 9-10, is simply belied by the record.  The record contains a consultative report from Jeanne Shapiro, Ph.D.  Tr. at pp. 568-572.  The ALJ found that opinion persuasive.  Tr. at p. 25.  Dr. Shapiro found that Plaintiff had "mild limitations sustaining concentration and performing a task at a consistent pace."  Tr. at p. 571.  She further found "mild limitations using reasoning and judgment to make work-related decisions" and "understanding, remembering, or applying simple directions and instructions."  *Id.*  She found "moderate limitations" in these areas as it related to

"complex directions and instructions." *Id.* That opinion clearly provides substantial evidence for the ALJ's finding that there were not marked limitations in these areas.

Given Defendant's confession of error remand is clearly required here. For the reasons set forth above, and those additionally articulated in Defendant's Memorandum of Law, Plaintiff, however, has not shown that the record contains such clear and persuasive proof of his disability that the remand should be solely for the purposes of determining benefits. Accordingly, this Court recommends that the matter be remanded for a new hearing.

 **ACCORDINGLY**, it is

 **RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **GRANTED in part**; and it is further

 **RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

 **RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **VACATED and the matter be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings**; and it is

 **ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

4

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[2] within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: May 12, 2022
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).