UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**EDWIN R.,**

                                 **Plaintiff,**

                v.                                  5:21-CV-759
                                                               (FJS/DJS)

**KILOLO KIJAKAZI, Acting Commissioner**
**Social Security,**[1]

                                **Defendant.**
_____

**APPEARANCES**                                 **OF COUNSEL**

**OLINSKY LAW GROUP**                 **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street - Suite 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **CHRISTOPHER L. POTTER, ESQ.**
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203
Attorneys for Defendant

**SCULLIN, Senior Judge**

## ORDER

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of Defendant's final decision that he was not disabled. *See* Dkt. No. 1. The parties filed motions for judgment on the pleadings on February 16, 2022, and April 11, 2022. *See* Dkt. No. 14 (Plaintiff's motion);

---

[1] Kilolo Kijakazi is currently the Acting Commissioner of the Social Security Administration and, therefore, should be substituted as Defendant in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. The Court hereby directs the Clerk of the Court to modify the docket accordingly.

Dkt. No. 17 (Defendant's motion).[2] Magistrate Judge Stewart issued a Report-Recommendation and Order on May 12, 2022, *see* Dkt. No. 18, to which neither party filed any objections.

In his Report-Recommendation and Order, Magistrate Judge Stewart recommended that the Court do the following: (1) grant in part Plaintiff's motion for judgment on the pleadings; (2) grant Defendant's motion for judgment on the pleadings; and (3) vacate Defendant's decision denying Plaintiff disability benefits and remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. *See* Dkt. No. 18 at 5.

"'When a party does not object to a magistrate judge's report-recommendation, the court reviews that report-recommendation for clear error or manifest injustice.'" *Young v. Polizzi*, No. 9:16-CV-660, 2018 WL 3949942, *1 (N.D.N.Y. Aug. 16, 2018) (quoting *Ward v. Lee*, No. 9:16-CV-1224, 2018 WL 3574872, *1 (N.D.N.Y. July 25, 2018) (citation omitted)). "'After conducting this review, "the Court may 'accept, reject or modify, in whole or in part, the . . . recommendations made by the Magistrate Judge.'"'" *Id.* (quotation omitted).

The Court has reviewed Magistrate Judge Stewart's May 12, 2022 Report-Recommendation and Order for clear error and manifest injustice; and, finding none, the Court hereby

**ORDERS** that Magistrate Judge Stewart's May 12, 2022 Report-Recommendation and Order is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

---

[2] As Magistrate Judge Stewart noted in his Report-Recommendation and Order, "[t]he dispute between the parties rests on whether the case should be remanded for new proceedings before the Commissioner or whether the Court should remand with instructions to find Plaintiff disabled and award benefits." *See* Dkt. No. 18 at 2 (citing [Dkt. No. 17] at pp. 1-2; Dkt. No. 14, Pl.'s Mem. of Law at p. 25).

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 17, is **GRANTED**;[3] and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 14, is **GRANTED in part** and Defendant's decision denying Plaintiff disability benefits is **VACATED** and this matter is **REMANDED, pursuant to sentence four of 42 U.S.C. § 405(g)**, consistent with Magistrate Judge Stewart's Report-Recommendation and Order; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff[4] and close this case.

**IT IS SO ORDERED.**

Dated: June 3, 2022
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[3] The Court grants Defendant's motion for judgment on the pleadings because she concedes that remand for further proceedings is warranted. *See* Dkt. No. 17 at 1.

[4] The Court enters judgment in favor of Plaintiff because he seeks remand, in part, for further proceedings, and Defendant concedes that remand is appropriate.